NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMUNITY CLAIMS ASSOCIATES, INC. and Barry SIPE,<br><br>     Plaintiffs,<br><br>v.<br><br>Max ROSENBERG, Douglas W. ROSENBERG, Jean A. ROSENBERG, Jeffrey M. ROSENBERG, THE ESTATE OF ELEANOR ROSENBERG,<br><br>     Defendants. | Civ. No. 11-6428<br><br>OPINION and ORDER |

THOMPSON, U.S.D.J.

      This matter has come before the Court on Defendant Douglas Rosenberg's Notice of Removal [Docket # 1].  This case involves a dispute over who the proper beneficiary of insurance proceeds is, and additionally, alleged defamation on online consumer reporting sites related to the insurance policy.  Defendant argues that removal jurisdiction is proper pursuant to 28 U.S.C. § 1332.  Complete diversity does not exist in this case, however, and therefore removal is improper.  The Court moves *sua sponte* to remand this case to state court for further proceedings.

      Removal jurisdiction is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," unless otherwise provided by Congress.  28 U.S.C. § 1441(a).  "The propriety of removal thus depends on whether the case originally could have been filed in federal court."  *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

1

In diversity jurisdiction cases under 28 U.S.C. § 1332, a district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) Citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "[A] proper exercise of federal jurisdiction requires satisfaction of . . . complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006) (citing *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)). In this case, both Plaintiffs are citizens of the State of New Jersey. Defendants Max Rosenberg and The Estate of Eleanor Rosenberg[1] (collectively, "the New Jersey Defendants") are also citizens of the State of New Jersey. The remaining Defendants, Douglas Rosenberg, Jean Rosenberg, and Jeffrey Rosenberg (collectively, "the Washington Defendants"), are citizens of the State of Washington. Therefore, there is not complete diversity. Thus, in order to establish diversity jurisdiction for purposes of removal, the Washington Defendants must show that that the New Jersey Defendants were fraudulently joined.

Under the doctrine of fraudulent joinder, a "diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. "Joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). The Plaintiffs in this case have brought an action (1) seeking a declaratory judgment that Max Rosenberg, and not any of the Washington Defendants, is the lawful beneficiary of the insurance proceeds at issue;

---

[1] In diversity cases, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." 28 U.S.C. § 1332(c)(2).

2

and (2) seeking to hold Douglas Rosenberg liable for defamation.  (*See* Notice of Removal, Ex. A, at 10–16) [1-3].  Defendant Douglas Rosenberg alleges only the conclusory statement that there is no possibility that Plaintiffs can establish liability against either Max Rosenberg or Jean Rosenberg because of fraudulent joinder.  No specific reason is presented.  This Court, after consideration of the Notice of Removal and its attached exhibits, believes that a genuine controversy exists as to who is the lawful beneficiary of the insurance proceeds.  As such, despite Defendant Douglas Rosenberg's contentions, Max and Jean Rosenberg were not fraudulent joined.  Therefore, complete diversity is lacking in this case.

For the reasons stated above, IT IS on this 3rd day of November, 2011

ORDERED that this case be remanded to the state court from which it was removed; and it is

ORDERED that Defendant Douglas Rosenberg's application to proceed *in forma pauperis* is DENIED as moot; and it is

ORDERED that this case is CLOSED.

      /s/ Anne E. Thompson  
      ANNE E. THOMPSON, U.S.D.J.